IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

Julia Copeland Cooper
an individual United States citizen

Plaintiff

vs.

NCS Pearson, Inc., a Minnesota corporation,

Defendant.

## VERIFIED COMPLAINT

This is a civil action for a declaratory judgment pursuant to 28 U.S.C. §2201, 28 U.S.C. §2202, and 17 U.S.C. §101, et seq. brought by Julia Copeland Cooper ("plaintiff") against NCS Pearson, Inc. ("defendant") for the purpose of determining a question of actual controversy and the rights and obligations between the parties as follows:

### NATURE OF ACTION

2. This action for declaratory relief and an accounting arises as a result of a legal dispute between plaintiff and defendant relating to ownership of proprietary rights in a copyrighted literary work referred to herein as the Battery for Health Improvement ("Work") initially published by National Computer Systems, Inc. ("NCS") and now published by defendant, which is a psychological test instrument constructed to assist health

1

care professionals in completing several clinical tasks including, among other things, assessment of the psychosocial, stress, and lifestyle factors that may contribute to the onset, exacerbation or continuation of various medical disorders.

3. Plaintiff claims a copyright ownership interest in the Work as a co-owner with Pearson and seeks an accounting regarding defendant's profits attributable to the Work.

4. Defendant contends a copyright claim by plaintiff regarding the Work is without merit.

5. There exists an actual and justiciable controversy between plaintiff and defendant relating to their respective rights in and legal duties applicable to the Work.

6. This Declaratory relief action seeks to resolve this controversy.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this claim pursuant to 17 U.S.C. §101 et seq. as well as 28 U.S.C. §1331 and 28 U.S.C. §1338 and may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

8. Plaintiff is informed, believes and thereon alleges defendant has sufficient general and specific contacts with this district and, in particular, the events herein alleged herein so as to subject plaintiff to both personal jurisdiction in this Court and to make this Court a proper venue pursuant to 28 U.S.C. 28 U.S.C. §1391.

2

## PARTIES

9. Plaintiff is a United States citizen who resides at 26474 Grand Summit Trail, Evergreen, Colorado 80439.

10. Defendant is a Minnesota corporation with corporate headquarters at 5601 Green Valley Drive, Bloomington, Minnesota 55437.

## FACTUAL ALLEGATIONS

11. Daniel Bruns, Psy.D. ("Bruns"), John Mark Disorbio, Ed. D. ("Disorbio"), and BHI Corporation ("Corporation") entered into a Publication Agreement concerning the Work with NCS ("NCS Agreement").

12. Bruns, Disorbio and BHI are identified as "authors" in the NCS Agreement.

13. The NCS Agreement does not include plaintiff as one of the "authors." Indeed, at the time the Work was authored, Plaintiff was told that she could not be an author because she was not a licensed clinical psychologist.

14. By means of the NCS Agreement, the "authors" as identified therein transferred all their right, title, and interest in and to the Work to NCS.

15. Defendant is a successor in interest to NCS regarding the Work.

16. Defendant acquired all rights of NCS in the Work that is the subject of the NCS Agreement.

17. Defendant presently claims all rights in the Work.

18. Defendant presently claims to be the sole copyright owner of the Work.

19. Defendant has claimed sole copyright ownership rights in the Work since at least as early as 2002.

20. Defendant has published and sold copies of the Work since at least as early as 2002 including, on information and good faith belief, in Colorado.

21. The Work defendant publishes is substantially the same as the Work covered by the NCS Agreement.

22. Defendant has derived benefit and profits from the publication, distribution, and sale of the Work from the time defendant first published the Work to date.

23. Defendant will continue to derive benefit and profits from the publication, distribution, and sale of the Work.

24. Defendant has never accounted to plaintiff for defendant's use and profits from the publication, distribution, and sale of the Work.

25. At least as early as 1986, Plaintiff was a content creator, collaborator, and participant with Bruns and Disorbio in authoring the Work.

26. Plaintiff's participation in creating the Work was ongoing and included, among other items, writing the manual that describes use of the test, test questions, and various scales (e.g. muscular bracing scale and pain scale).

27. Regarding the Work, it was the intention of plaintiff, Bruns, and Disorbio to merge their respective contributions into inseparable or interdependent parts of a unitary whole.

28. The Work constituted a joint work of authorship because, at the time of their respective contributions, plaintiff, Bruns, and Disorbio had the intent, purpose, and expectation that their contributions be blended and merged into a unitary work.

29. Despite plaintiff's participation in creating the Work as aforesaid, Bruns and or Disorbio and or others told plaintiff that plaintiff could not be given authorship credit.

30. In the absence of a written agreement expressing otherwise, as a joint work of authorship and prior to the NCS Agreement, Bruns, Disorbio, and plaintiff each owned a one-third undivided copyright ownership interest in the Work.

31. Plaintiff did not transfer or license plaintiff's one-third undivided copyright ownership in the Work to NCS.

32. By means of the NCS Agreement, NCS acquired a two-third undivided copyright ownership in the Work.

33. As a result of defendant's acquisition of the rights of NCS in the Work, defendant acquired a two-thirds undivided copyright ownership in the Work.

34. Plaintiff has never transferred or licensed plaintiff's one-third undivided copyright ownership in the Work to defendant.

35. Plaintiff and defendant co-own the copyright in the Work as follows: plaintiff possesses a one-third undivided ownership interest and defendant possesses a two-third undivided ownership interest.

36. Defendant does not have evidence of an agreement or otherwise between plaintiff, Bruns, and Disorbio, concerning creation of the Work, their respective percentages and or amount of

work applicable to their respective participation in its creation, ownership of rights in the Work, or otherwise that reflects how each of them would be treated among themselves or others concerning the Work.

37. Defendant does not have evidence showing a transfer or license by plaintiff of plaintiff's claimed right, title, and interest in and to the Work to NCS.

38. Defendant does not claim there was a transfer or license by plaintiff of plaintiff's claimed right, title, and interest in and to the Work to NCS.

39. Defendant does not have evidence showing a transfer or license of a plaintiff's claimed right, title, and interest in and to the work to Bruns and or Disorbio.

40. Defendant does not claim there was a transfer or license by plaintiff of plaintiff's claimed right, title, and interest in and to the Work to Bruns and or Disorbio.

40. Defendant does not claim plaintiff authorized or permitted, Bruns and or Disorbio to transfer plaintiff's claimed right, title, and interest in and to the Work to anyone.

41. Defendant does not claim there was a transfer or license by plaintiff of plaintiff's claimed right, title, and interest in and to the Work to defendant.

42. Defendant does not have evidence showing a transfer or license by plaintiff of plaintiff's claimed right, title, and interest in and to the Work to defendant.

43. To plaintiff's knowledge and belief, neither Bruns nor Disorbio has denied to defendant, plaintiff's participation in co-authoring the Work.

44. To plaintiff's knowledge and belief, neither Bruns nor Disorbio have claimed to defendant that it was not their intent to create the Work together with plaintiff.

45.     To plaintiff's knowledge and belief, neither Bruns nor Disorbio has claimed to defendant that plaintiff was an employee of either one or both of them during and or at any time the Work was created.

46.     To plaintiff's knowledge and belief, neither Bruns nor Disorbio has claimed to defendant that plaintiff participated in creating the Work within the scope of an employment relationship with a third person, if any.

47.     To plaintiff's knowledge and belief, neither Bruns nor Disorbio has claimed to defendant that plaintiff participated in creating the Work as a "work made for hire."

48.     To plaintiff's knowledge and belief, neither Bruns nor Disorbio has claimed to defendant that plaintiff assigned or otherwise transferred rights in the Work to Bruns and or to Disorbio or to any other person.

49.     To plaintiff's knowledge and belief, defendant does not claim plaintiff participated in creating the Work as a "work made for hire."

50.     To plaintiff's knowledge and belief, neither Bruns nor Disorbio communicated to NCS that plaintiff transferred plaintiff's right, title, and interest in and to the Work to NCS.

51.     To plaintiff's knowledge and belief, defendant relies solely on plaintiff's signature on the NCS Agreement as an officer of the Corporation as a claimed basis for precluding plaintiff from making a copyright ownership claim concerning the Work.

52.     Promotional literature referring to *BHI™ 2 (Battery for Health Improvement 2)* ... with *Copyright © 2009, Pearson Education, Inc. or its affiliates(s). All Rights Reserved* appearing at the bottom, contains the following text that refers to plaintiff: "...BHI™

(Battery for Health Improvement) assessment developed by Daniel Bruns, PsyD, J. Mark Disorbio, EdD and Julia Copeland Disorbio...." A copy is attached hereto and made a part hereof as Exhibit 1.

53. The quoted text in Exhibit 1 acknowledges development of the work referred to therein by plaintiff.

54. To plaintiff's knowledge and belief, defendant's first plain and express repudiation of plaintiff's copyright ownership claim is manifested in February 2, 2010 correspondence from defendant's attorney, a copy of which is attached hereto and made a part hereof as Exhibit 2.

## CAUSE OF ACTION
### (DECLARATORY JUDGMENT AND ACCOUNTING OF COPYRIGHT RIGHTS AND PROFITS)

55. Plaintiff realleges and incorporates by reference all prior allegations.

56. There is an actual and justiciable controversy concerning plaintiff's legal rights and defendant's duties.

57. Plaintiff seeks a judicial determination and declaration regarding plaintiff's copyright co-ownership claim of rights in the Work with defendant as well as the right to co-authorship credit with Bruns and Disorbio for the Work. Such a judicial determination and declaration is necessary to protect plaintiffs rights.

58. As the owner of a one-third undivided copyright ownership interest in the Work, plaintiff requests an accounting and payment from defendant and others

holding an interest in and or right to exercise a copyright owner's exclusive rights in the Work of the portion of their past, present, and future profits traceable to the use of and benefit from the Work or any portion thereof, as well as the distribution, sale, and or licensing thereof in all mediums of expression now or hereafter known, in the United States and throughout the world, in such share as due to plaintiff.

WHEREFORE, plaintiff requests the Court to grant the following relief:

(1)     A judgment declaring that the plaintiff is the owner of a one-third undivided copyright ownership interest in the Work and ordering defendant to give plaintiff co-authorship credit with Bruns and Disorbio for the Work, in the same manner and extent defendant currently gives and hereafter gives authorship credit to Bruns and Disorbio concerning the Work in all forms of expression for as long as defendant gives such credit to Bruns and Disorbio.

(2)     That an accounting and judgment be rendered against defendant for defendant's total gains, profits, and advantages from the reproduction, production, adaptation, creation of derivatives, distribution, licensing, public display and sale of the Work and or copies thereof, in an amount to be determined which, at present, plaintiff cannot fully ascertain;

(3)     That plaintiff be awarded her costs in this action, including expert witness fees and pre-judgment and post-judgment interest on monies found to be due and owing to plaintiff attributable to the acts complained of herein.

(4)     That plaintiff have such other and further relief as the Court deems just and proper.

## VERIFICATION

I, Julia Copeland Cooper, declare pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to my best information and belief.

Dated this 18th day of November 2010.

*[signature]*
Julia Copeland Cooper

Dated: 11/19/2010

Respectfully submitted,

*[signature]*
Harold R. Bruno III
Robinson Waters & O'Dorisio PC
1099 18th Street, 26th Floor
Denver, Colorado 80202

Telephone: (303) 297-2600
FAX:  (303) 297-2750
E-mail: hbruno@rwolaw.com

David A. Weinstein
695 South Colorado Boulevard, Suite 360
Denver, Colorado 80246
Telephone: (303) 863-8818
FAX:  (303) 863-8820
E-mail:  davidaweinstein@qwest.net

Attorneys for Julia Copeland Cooper

Plaintiff's Address:
26474 Grand Summit Trail
Evergreen, Colorado 80439